IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER SESSION, 1996

FILED

September 18, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9601-CC-00048 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | MONTGOMERY COUNTY |
| VS. | ) | |
| | ) | HON. JOHN H. GASAWAY, III |
| JAMES W. JACOBS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal) |

FOR THE APPELLANT:

GREGORY D. SMITH
One Public Square, Ste. 321
Clarksville, TN 37040

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

JOHN CARNEY
District Attorney General

ARTHUR BIEBER
Assistant District Attorney
204 Franklin Street
Clarksville, TN 37040

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

A Montgomery County Circuit Court jury found Appellant James W. Jacobs guilty of four counts of aggravated rape, one count of aggravated sexual battery, and one count of attempted aggravated rape. He received a twenty-two year sentence for each of three aggravated rape convictions, a twenty-five year sentence for the fourth aggravated rape conviction, a fourteen year sentence for the aggravated sexual battery conviction, and a thirteen year sentence for the attempted aggravated rape conviction. Except for the aggravated sexual battery sentence, the trial court ordered each of the sentences served consecutively, for an effective sentence of one hundred four years in the Tennessee Department of Correction. In this direct appeal, Appellant presents the following issues for review: (1) whether the trial court erred in denying his motion for a state-paid deoxyribonucleic acid (DNA) expert; (2) whether his aggravated sexual battery conviction is void; and (3) whether his sentence is excessive.

After a review of the record, we affirm the convictions and sentences.

## I. FACTUAL BACKGROUND

As accredited by the jury's verdict, the proof shows that, during August and September of 1993, Appellant attacked five women. On August 22, 1993, Appellant asked Bonnie Polster for a ride home from the Pancake House in Clarksville. At some point thereafter, Appellant grabbed Ms. Polster by the neck, told her to get out of the car, and threatened to hurt her if she ran. He then took her into the woods and raped her.

On August 28, 1993, Appellant approached Jennifer Thomason from behind as she left a party. He placed a knife to her throat, directed her to some bushes,

and raped her for seven to eight minutes. Appellant then left momentarily, but returned commenting that he "wanted some more," and raped Ms. Thomason again, this time for twenty to twenty-five minutes.

On September 4, 1993, Appellant accosted Angela Kim as she walked out of a bar. Wielding a knife, he forced her to a wooded area, threatened to kill her, and then raped her.

On September 11, 1993, Appellant approached Sue Trei from behind as she made her way into a club. He placed a hand over her mouth and a knife to her throat, and then pulled her up a nearby hill. He raped her for approximately one hour, forcing her into different sexual positions. Afterwards, he moved her into a weeded area where he performed cunnilingus on her.

On September 18, 1993, Appellant approached Angela Rood as she left a teenage club. Despite the knife Appellant placed at her throat, Ms. Rood was able to signal her friends for help. Appellant fled the area but was soon apprehended by the police.

On November 1, 1993, the Montgomery County Grand Jury indicted Appellant on six counts of aggravated kidnapping, five counts of aggravated rape, and one count of attempted aggravated rape. The kidnapping charges were later dismissed.

On July 15, 1994, Appellant, through counsel, filed a motion for the appointment of a state-paid DNA expert. The trial court denied the motion.

From July 18 to 20, 1994, Appellant was tried before a Montgomery County Circuit Court jury. For the attacks on Ms. Polster, Ms. Thomason, and Ms. Kim, the jury found Appellant guilty of aggravated rape. For the attack on Ms. Trei, the jury found Appellant guilty of both aggravated rape and aggravated sexual battery. For the attack on Ms. Rood, the jury found Appellant guilty of attempted aggravated rape. As noted previously, following a sentencing hearing on September 9, 1994, the trial court imposed an effective sentence of one hundred four years. The trial court also found Appellant to be a multiple rapist pursuant to Tennessee Code Annotated Section 39-13-523(a)(2), which provides that such a defendant is to serve his entire sentence undiminished by any sentence reduction credits.

## II. DNA EXPERT

Appellant first alleges that the trial court erred in denying his motion for a state-paid DNA expert. At the time of Appellant's motion, Tennessee law did not provide for such expert assistance in non-capital cases, and the trial court properly denied the motion. See Tenn. Code Ann. § 40-14-207(b); see also State v. Williams, 657 S.W.2d 405, 411 (Tenn.1983); State v. Harris, 866 S.W.2d 583, 585 (Tenn. Crim. App. 1992). On appeal, however, Appellant relies upon State v. Barnett, 909 S.W.2d 423 (Tenn. 1995), a Supreme Court case which post-dates the trial court's ruling. In Barnett, the Supreme Court held that, where an indigent defendant's need for a state-paid psychiatric expert touches upon a due process concern, a trial court may order such services even in non-capital cases, provided the defendant can demonstrate a "particularized need." Id. at 431. While Barnett dealt with a psychiatric expert, this Court has previously extended the reasoning of Barnett to other forms of expert assistance. See, e.g., State v. Morgan, No. 03C01-9511-CR-00359, 1996 WL 715423 (Tenn. Crim. App. Dec. 12, 1996) (ballistics expert); State v. Battles, No. 02C01-9212-CR-00294, 1996 WL 551786 (Tenn. Crim. App. Sept. 30, 1996) (investigator). While there is no Tennessee precedent for

such an application of <u>Barnett</u>, we see no reason why its constitutional protections should not extend to an indigent defendant's request for a DNA expert in a non-capital case.

However, we must first determine whether <u>Barnett</u> constitutes a new constitutional rule, requiring retroactive application to Appellant's case. According to our Supreme Court, a case announces a new rule "when it breaks new ground or imposes a new obligation on the States or the Federal Government." <u>Meadows v. State</u>, 849 S.W.2d 748, 751 (Tenn.1993) (quoting <u>Teague v. Lane</u>, 489 U.S. 288, 301 (1989)). Because <u>Barnett</u> now requires the State to provide expert assistance in certain non-capital cases, a "new obligation" as anticipated by <u>Meadows</u>, we believe that it does indeed announce a new rule. In Tennessee, new constitutional rules apply retroactively to cases pending on direct review when the new rule is announced. <u>State v. Robbins</u>, 519 S.W.2d 799, 800 (Tenn.1975). We will therefore consider Appellant's argument in light of <u>Barnett</u>.

To establish particularized need according to <u>Barnett</u>, the defendant must show that expert assistance is necessary to protect the right to a fair trial. <u>Barnett</u>, 909 S.W.2d at 431. In his motion, Appellant maintained that, because the State intended to introduce DNA evidence against him, he required his own DNA expert to verify the results. We do not believe that the foregoing adequately demonstrates particularized need, as required by <u>Barnett</u>. <u>See, e.g.</u>, <u>Morgan</u>, 1996 WL 715423, at *1-*2; <u>Battles</u>, 1996 WL 551786, at *6; <u>State v. Cleveland</u>, No. 03C01-9503-CR-00089, 1996 WL 146695, at *5-*6 (Tenn. Crim. App. Apr. 2, 1996), <u>perm. app. granted</u>, (Tenn. Dec. 9, 1996). When a motion for expert assistance is "accompanied by little more than undeveloped assertions that the services [are] needed to attempt to counter the State's proof," the trial court is within its discretion in denying the request. <u>Barnett</u>, 909 S.W.2d at 430 (quoting <u>State v. Cazes</u>, 875

S.W.2d 253, 261 (Tenn.1994)).  Furthermore, "[m]ere hope or suspicion that favorable evidence is available is not enough to require that such help be provided." Barnett, 909 S.W.2d at 430 (quoting State v. Mills, 420 S.E.2d 114, 117 (N.C. 1992)).  Thus, even when considered in light of Barnett, we do not believe that the trial court abused its discretion in denying Appellant's motion for a state-paid DNA expert.

### III.  AGGRAVATED SEXUAL BATTERY

Appellant next alleges that his aggravated sexual battery conviction is void because the judgment reflects a conviction pursuant to Tennessee Code Annotated Section 39-2-606, a statute repealed prior to his indictment and trial.  First and foremost, this issue was not set out in Appellant's motion for new trial and is therefore waived.  Tenn. R. App. P 3(e); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995).  Moreover, Appellant cites no authority in support of his proposition that this conviction is void and fails to acknowledge that he was indicted, tried, and found guilty by a jury under the proper statute, Tennessee Code Annotated Section 39-13-504.  Because this error appears merely clerical in nature, we cannot find that the aggravated sexual battery conviction is void.  Such clerical errors may be remedied by motion in the trial court pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure.  See State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996); State v. Tucker, No. 02C01-9511-CR-00344, 1997 WL 113891, at *1 (Tenn. Crim. App. Mar. 14, 1997).

### IV.  SENTENCING

Finally, Appellant alleges that his sentence is excessive.  Specifically, Appellant argues that the trial court erroneously sentenced him for aggravated sexual battery and attempted aggravated rape as a Range II multiple offender.

Appellant also argues that the trial court erred in determining the length of his sentences and in imposing consecutive sentences.

When an appeal challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct.  Tenn. Code Ann. § 40-35-401(d).  However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  In the event that the record fails to demonstrate such consideration, review of the sentence is purely de novo.  Id.  If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).  In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment.  State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).  The defendant bears the burden of showing the impropriety of the sentence imposed.  State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

For the attacks on Bonnie Polster, Jennifer Thomason, and Angela Kim, Appellant was convicted of one count of aggravated rape each, Class A felonies. See Tenn. Code Ann. § 39-13-502(b).  With respect to these convictions, the trial court found Appellant to be a Range I standard offender.  As a Range I standard offender convicted of a Class A felony, Appellant's statutory sentencing range for each offense was fifteen to twenty-five years.  See id. § 40-35-112(a)(1).  The trial court found the following applicable enhancement factors:

> (1) the defendant has a previous history of criminal
> convictions or criminal behavior in addition to those
> necessary to establish the appropriate range;
>
> (2) the offense involved a victim and was committed to
> gratify the defendant's desire for pleasure or excitement;
> and
>
> (3) the crime was committed under circumstances under
> which the potential for bodily injury was great.

Id. § 40-35-114(1), (7), (16). The trial court found no mitigating factors. For each offense, the trial court imposed a mid-range sentence of twenty-two years.

For the attack on Susan Trei, Appellant was convicted of aggravated rape, a Class A felony, and aggravated sexual battery, a Class B felony. See id. §§ 39-13-502(b), 39-13-504(b). With respect to the aggravated rape conviction, the trial court found Appellant to be a Range I standard offender. As a Range I standard offender convicted of a Class A felony, Appellant's statutory sentencing range was fifteen to twenty-five years. See id. § 40-35-112(a)(1). The trial court found the following applicable enhancement factors:

> (1) the defendant has a previous history of criminal
> convictions or criminal behavior in addition to those
> necessary to establish the appropriate range;
>
> (2) the defendant treated or allowed a victim to be treated
> with exceptional cruelty during the commission of the
> offense;
>
> (3) the offense involved a victim and was committed to
> gratify the defendant's desire for pleasure or excitement;
> and
>
> (4) the crime was committed under circumstances under
> which the potential for bodily injury was great.

Id. § 40-35-114(1), (5), (7), (16). The trial court found no mitigating factors. Based on these findings, the trial court imposed a maximum sentence of twenty-five years. With respect to the aggravated sexual battery conviction, the trial court found Appellant to be a Range II multiple offender. As a Range II multiple offender convicted of a Class B felony, Appellant's statutory sentencing range was twelve to

twenty years.  See id. § 40-35-112(b)(2).  The trial court found the following

applicable enhancement factors:

> (1) the offense involved a victim and was committed to
> gratify the defendant's desire for pleasure or excitement;
> and
>
> (2) the crime was committed under circumstances under
> which the potential for bodily injury was great.

Id. § 40-35-114(7), (16).  The trial court found no mitigating factors.  Based on these

findings, the trial court imposed a mid-range sentence of fourteen years.


For the attack on Angela Rood, Appellant was convicted of attempted

aggravated rape, a Class B felony.  See id. § 39-12-107(a).  With respect to this

offense, the trial court found Appellant to be a Range II multiple offender.  As a

Range II multiple offender convicted of a Class B felony, Appellant's statutory

sentencing range was twelve to twenty years.  See id. § 40-35-112(b)(2).  The trial

court found the following applicable enhancement factor:

> (1) the defendant possessed or employed a firearm,
> explosive device, or other deadly weapon during the
> commission of the offense.

Id. § 40-35-114(9).  The trial court found no mitigating factors.  For this offense, the

trial court imposed a sentence of thirteen years.


At the conclusion of the sentencing hearing, the trial court ordered each of

the sentences served consecutively, except for the aggravated sexual battery

sentence.


## A.  RANGE

Appellant first contends that the trial court erroneously sentenced him for

aggravated sexual battery and attempted aggravated rape as a Range II multiple

offender.  According to the Criminal Sentencing Reform Act of 1989, Range II

multiple offender status requires a minimum of two but not more than four prior felony convictions within the conviction class, a higher class, or within the next two lower felony classes. Tenn. Code Ann. § 40-35-106(a)(1). "'Prior conviction' means a conviction that has been adjudicated prior to the commission of the more recent offense for which sentence is to be imposed." State v. Blouvett, 904 S.W.2d 111, 113 (Tenn. 1995). In sentencing Appellant for aggravated sexual battery and attempted aggravated rape, Class B felonies, the trial court relied upon his prior convictions of assault with a deadly weapon, a Class C felony, and breaking and entering, a Class D felony. We find no error here.

## B.  LENGTH OF SENTENCE

Appellant next maintains that the trial court erred in determining the length of his sentences by improperly applying certain enhancement factors.

In the absence of enhancement and mitigating factors, the presumptive length of sentence for a Class B, C, D, and E felony is the minimum sentence in the statutory range while the presumptive length of sentence for a Class A felony is the midpoint in the statutory range. Tenn. Code Ann. § 40-35-210(c). Where one or more enhancement factors apply but no mitigating factors exist, the trial court may sentence above the presumptive sentence but still within the range. Id. § 40-35-210(d). Where both enhancement and mitigating factors apply, the trial court must start at the minimum sentence, enhance the sentence within the range as appropriate to the enhancement factors, and then reduce the sentence within the range as appropriate to the mitigating factors. Id. § 40-35-210(e). The weight afforded an enhancement or mitigating factor is left to the discretion of the trial court so long as the trial court complies with the purposes and principles of the Tennessee Criminal Sentencing Reform Act of 1989 and its findings are supported by the record. State v. Hayes, 899 S.W.2d 175, 185 (Tenn. Crim. App. 1995).

## 1. EXCEPTIONAL CRUELTY

Appellant argues that the trial court improperly applied enhancement factor (5) to his sentence for the aggravated rape of Susan Trei. The application of this enhancement factor requires a finding of cruelty over and above that inherently attendant to the offense. State v. Embry, 915 S.W.2d 451, 456 (Tenn. Crim. App. 1995). Aggravated rape requires sexual penetration accompanied by the use of a weapon. The record reveals that Appellant held Ms. Trei in fear and raped her for approximately one hour, during which time he repeatedly humiliated her by forcing her into different sexual positions, including on her hands and knees. Based on these facts, we find that the record supports the application of enhancement factor (5) to Appellant's sentence for the aggravated rape of Ms. Trei.

## 2. DESIRE FOR PLEASURE OR EXCITEMENT

Appellant also argues that the trial court improperly applied enhancement factor (7) to his sentences for each of the aggravated rapes and to his sentence for aggravated sexual battery. In State v. Kissinger, 922 S.W.2d 482 (Tenn. 1996), the Tennessee Supreme Court addressed the application of this enhancement factor to rape and sexual battery:

> A necessary element of sexual battery, aggravated or not, is sexual contact. Sexual contact is "intentional touching . . . if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Rape, on the other hand, requires sexual penetration, not sexual contact. Unlike sexual contact, sexual penetration, as defined in our Code, has no motive component. Stated otherwise, a rape committed to abuse or harm is no less a rape than a rape which is sexually motivated. It follows that enhancement factor (7), though essential to a finding of sexual battery or aggravated sexual battery, is not an element of rape or aggravated rape and, therefore, may be used as an enhancement factor in appropriate cases.
>
> We have held that a sexually motivated rape is committed to gratify a desire for pleasure or excitement. Conversely, sexual battery requires that the touching be for the purpose of sexual arousal or gratification. Thus, the

> offense necessarily includes the intent to gratify a desire for pleasure or excitement.  Since the factor is an essential element of the offense, it cannot be used to enhance the sentences of sexual battery and aggravated sexual battery.

Id. at 489-90 (citations omitted).

In light of Kissinger, we find that, as a matter of law, the trial court erred in applying enhancement factor (7) to Appellant's sentence for aggravated sexual battery.  However, the seriousness of the attack on Ms. Trei warrants giving great weight to enhancement factor (2) and we thus affirm the sentence of fourteen years for aggravated sexual battery.

In applying enhancement factor (7) to each of Appellant's sentences for aggravated rape, the trial court relied solely upon Ms. Thomason's testimony that, after the initial rape, Appellant stated that he "wanted some more" and proceeded to rape her again.  We believe that such testimony is sufficient to justify application of enhancement factor (7) to Appellant's sentence for the aggravated rape of Ms. Thomason.  However, with respect to the aggravated rapes of Ms. Polster, Ms. Kim, and Ms. Trei, the trial court made no specific findings to support the application of this enhancement factor.  As a result, we must conduct a purely de novo review of the sentence for these attacks.

Both Ms. Kim and Ms. Trei testified that Appellant ejaculated during their rapes.   While our Supreme Court has indicated that evidence of orgasm alone is insufficient to justify application of enhancement factor (7), it remains a factor for consideration.  See Kissinger, 922 S.W.2d at 491.  Ms. Trei further testified that Appellant kissed her mouth and breasts, commented that "it would help if [she] would enjoy it", and characterized the attack as a "fling" or a "one-night stand."  The regularity in which the attacks took place, occurring weekly for a period of five

weeks, creates an inference that these aggressive actions were the manner in which Appellant satisfied his sexual urges. Moreover, the jury's determination that Appellant was guilty of the aggravated sexual battery of Ms. Trei lends support for the proposition that the other attacks were also sexually motivated. Mindful of the dictates set out in Kissinger, we conclude that the evidence, when considered in the aggregate, sufficiently establishes that Appellant's desire for sexual pleasure motivated his actions. We therefore find that the trial court's application of enhancement factor (7) to Appellant's sentences for the aggravated rapes of Ms. Polster, Ms. Kim, and Ms. Trei was proper.

## C. CONSECUTIVE SENTENCING

Appellant submits that the trial court erred in imposing consecutive sentences. However, he makes no specific argument to support his position.

When imposing sentences for multiple offenses, the trial court has the discretion to order the sentences served concurrently or consecutively. Tenn. Code Ann. § 40-20-111(a); State v. Anderson, 880 S.W.2d 720, 727 (Tenn. Crim. App. 1994). The imposition of consecutive sentences is appropriate if the defendant has been convicted of more than one offense and the trial court finds, by a preponderance of the evidence, one or more of the following criteria:

> (1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;
> (2) The defendant is an offender whose record of criminal activity is extensive;
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

Here, the trial court relied upon Appellant's extensive criminal record in ordering consecutive sentences. See id. § 40-35-115(b)(2). Appellant's presentence report reflects three convictions for breaking and entering, three convictions for felony escape, a conviction for assault with a deadly weapon, a conviction for assault with intent to rape, a conviction for petit larceny, and two convictions for marijuana possession. In light of the foregoing, we find that the trial court acted within its discretion in imposing consecutive sentencing based upon Appellant's criminal record. We further find that consecutive sentences are necessary to protect the public from Appellant's possible future criminal conduct and that the aggregate sentence is reasonably related to the severity of Appellant's present offenses. See State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995); State v. Woodcock, 922 S.W.2d 904, 915 (Tenn. Crim. App. 1995).

Accordingly, the convictions and sentences are affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID H. WELLES, JUDGE