IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
October 3, 2007 Session

## MICHAEL DWAYNE EDWARDS v. STATE OF TENNESSEE, WAYNE BRANDON, Warden

**Appeal from the Circuit Court for Hickman County**
**No. 06-5020C     Jeff Bivins, Judge**

_____

**No. M2006-01043-SC-R11-HC - Filed September 18, 2008**

_____

GARY R. WADE, J., with whom JANICE M. HOLDER, J., joins, dissenting.

I would affirm the judgment of the Court of Criminal Appeals, and must, therefore, respectfully dissent from the majority's conclusion that the Petitioner has failed to establish grounds for habeas corpus relief. Although the majority has performed an admirable analysis of the present cases on the subject, I am of the opinion that the various principles derived from these opinions are in conflict and, absent a reconciliation, the Petitioner is entitled to relief. Because the record of the proceedings demonstrates that after the jury verdict, the trial court directly contravened statute by imposing a Range III, persistent offender sentence, I would grant habeas corpus relief and remand to the sentencing court for the imposition of a Range II sentence.

**I.**

Although habeas corpus is addressed by our federal and state constitutions, the issuance of the writ has been regulated by statute for well over one hundred years. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968). The grounds for habeas corpus relief in Tennessee appear to be broad: "Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101 (2000). Our case law has interpreted the statutory terminology, and we recently defined imprisonment and restraint:

> To obtain habeas corpus relief, a petitioner must be 'imprisoned or restrained of liberty.' 'Imprisoned' refers to actual physical confinement or detention. 'Restrained of liberty' is a broader term and encompasses situations beyond actual physical custody. However, a petitioner is not restrained of liberty unless the challenged judgment itself imposes a restraint on the petitioner's freedom of action or movement.

Summers v. State, 212 S.W.3d 251, 257 (Tenn. 2007) (citations omitted); see also May v. Carlton, 245 S.W.3d 340, 346 (Tenn. 2008).

In practice, however, the grounds upon which habeas corpus relief may be granted are limited. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Unlike a post-conviction petition, for example, which may afford relief from a voidable judgment, the purpose of a state habeas corpus petition is to contest a void judgment. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A facially invalid or void judgment is one that a court has no authority to enter. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). A voidable judgment, on the other hand, appears valid on its face and always requires proof (typically of an alleged constitutional violation) to establish its invalidity. Id.

In making the determination as to whether a judgment is void, this Court has observed that the writ of habeas corpus may be sustained "only when it appears upon the face of the judgment or the record of the proceedings . . . that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000); accord Ussery, 432 S.W.2d at 658; State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868). Yet, this Court has consistently added that "an illegal sentence qualifies as void and may be set aside at any time through habeas corpus." May, 245 S.W.3d at 346; see also Summers, 212 S.W.3d at 256. For years, our Court has defined an illegal sentence as one that directly contravenes a statute. Summers, 212 S.W.3d at 256; see also State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). Indeed, we have provided specific instructions that the petition for habeas corpus, rather than a motion to correct an illegal sentence, is the proper procedure for challenging a sentence which is not authorized by statute. Moody v. State, 160 S.W.3d 512, 514 (Tenn. 2005).

## II.

The majority has properly determined that habeas corpus relief is warranted only when the judgment is void. Our prior opinions, however, have identified two grounds upon which a judgment may so qualify: (1) the trial court lacked jurisdiction or authority to sentence a defendant; or (2) the trial court imposed a sentence in direct contravention of a statute. In my view, the majority opinion merges these previously distinct concepts by suggesting that a judgment is void, and that habeas corpus relief is warranted, *only* upon showing that the trial court lacked jurisdiction. The analysis by the majority does not address whether the record here has established that the *trial court* has imposed an "illegal" and, thereby, void sentence in "direct contravention of a statute."

In Burkhart, the pivotal case on the subject of illegal sentences, the defendant escaped from prison while serving a term for burglary. 566 S.W.2d at 872. He pled guilty to escape and received a concurrent sentence even though the statute required consecutive terms. Id. When the Department of Correction notified Burkhart that his sentence was to be served consecutively, he filed a petition asking for relief. Id. This Court held that the concurrent sentence was imposed "in direct contravention of the express [statutory] provisions . . . and consequently was a nullity." Id. at 873. Citing precedent in a number of other jurisdictions, this Court ruled that a trial judge "may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." Id.

More recently, in Moody, we emphasized that habeas corpus is the only collateral remedy for the correction of an illegal sentence. 160 S.W.3d at 514. Moody received consecutive six- and four-year sentences for spousal sexual battery and aggravated assault. He was sentenced to an enhanced supervised probation program, and the judgment forms required him to register as a convicted sexual offender. He did not seek appeal of the revocation order, nor did he file a petition for post-conviction or habeas corpus relief. When the trial court later revoked his probation, he filed a "Motion to Correct Errors in Judgment," challenging the legality of sentences on the basis that he was convicted of offenses that did not require the statutorily-mandated registration. The motion was denied, and Moody filed a petition for writ of certiorari. Id. Because the Tennessee Rules of Appellate Procedure do not authorize a direct appeal from the denial of a motion to correct an illegal sentence, we held that "the proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus." Id. at 516.

Having clarified that any challenge to an illegal sentence must be by a petition for habeas corpus, we later developed procedures through which a petitioner might be permitted to establish the illegality of a sentence where a jurisdictional defect is not apparent from the judgment. Summers, 212 S.W.3d at 261. "In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." Id. Further, "[w]hen such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing." Id. Applying these principles in Summers, we arrived at the following conclusions:

> Although the judgment on Summers' escape conviction states that the sentence is to be served concurrently with his sentences for voluntary manslaughter, aggravated arson, and sale of cocaine, the judgment is silent as to whether Summers committed the escape while being held for the other charges. We conclude, therefore, that no illegality of the sentence is evident on the face of the judgment ordering a concurrent sentence for the escape conviction. Furthermore, nothing in the record indicates that Summers committed the escape while being held for the other charges. . . . Because the escape judgment is facially valid and Summers failed to support his factual assertions with pertinent documents from the record of the underlying proceedings, we conclude that summary dismissal was proper.

Id. at 262 (emphasis added).

Rather than mandating either summary dismissal or an evidentiary hearing where an illegal sentence is not apparent from the face of the judgment, Summers teaches that the relevant inquiry includes analysis of any "pertinent documents" from the record of the underlying proceedings that are attached to the petition in support of the assertions. Thus, the procedure developed in Summers, which directs a petitioner to attach those "pertinent documents," necessarily recognizes a challenge to a possible jurisdictional defect in a sentence that is "not apparent from the face of the judgment."

Id. at 261. That is, habeas corpus relief may be available where the illegality of a sentence must be established by documentation other than the judgment.

Here, the Petitioner complied with the Moody guidelines by filing a habeas corpus action to challenge his sentence for the burglary conviction in case number 12757; moreover, he followed the procedure approved in Summers by including supporting documentation. The judgment in Henry County case number 12757, indicating that the trial court sentenced him as a Range III, persistent offender for the burglary conviction, is a part of the petition. Further, the Petitioner attached documentation demonstrating: (1) that he had four prior felony convictions for offenses occurring before the burglary in case number 12757; (2) that he had an evading arrest conviction in case number 12756, which was referenced along with four other felony convictions on the State's notice of sentencing status in case number 12757; and (3) that the evading arrest conviction occurred well after the burglary offense in case number 12757.

Habeas corpus petitions by state prisoners are numerous and rarely have merit. In my view, however, this is one of those rare occasions. The Petitioner has established that the trial court directly contravened a statute by imposing a sentence that the statute did not authorize. Under our law, the evading arrest conviction simply did not qualify as a prior offense and could not be used in the determination of whether he qualified as a persistent offender. See Tenn. Code Ann. § 40-35-107(b) (2006). In State v. Blouvett, 904 S.W.2d 111, 113 (Tenn. 1995), this Court stated that a prior conviction is one "that has been adjudicated prior to the commission of the . . . offense for which sentence is to be imposed," and, here, it was not. Section 107 authorizes a trial court to impose Range III, persistent offender sentencing only for defendants with five or more prior convictions. Tenn. Code Ann. § 40-35-107(a), (c). No statute authorizes the imposition of such a sentence based upon only four prior convictions, and/or otherwise grants a trial court the discretion to do so. See, e.g., Tenn. Code Ann. § 40-35-210(c) (2006) (trial court's application of enhancing and mitigating factors).

Unlike the majority, I see no principled distinction between this case and our decision in Burkhart. In Burkhart, the trial court had no authority to impose concurrent sentencing, and it directly contravened a statute by doing so. In this case, the trial court had no authority to impose a Range III, persistent offender sentence, and it directly contravened a statute by doing so. Indeed, as the Court of Criminal Appeals observed: "This court sees no difference between the petitioner's allegation regarding improper range enhancement and the improper concurrent sentences. . . . Both, if proven true, result in an illegal sentence which warrant the granting of habeas corpus relief." Edwards v. State, No. M2006-01043-CCA-R3- HC, 2007 WL 92359, at *2 (Tenn. Crim. App. Jan. 11, 2007), *reh'g denied* (Feb. 15, 2007). In short, because a judgment is "illegal and void" when the trial court directly contravenes a statute by imposing a sentence beyond the legislative authority, the Petitioner, in my view, has established grounds for habeas corpus relief.

### III.

The majority treats this case, in which the *trial court* imposed the Petitioner's sentence in direct contradiction of a sentencing statute after a jury verdict, as identical to those in which the

judgment has been entered through a guilty plea and negotiated sentence. Here, of course, the Petitioner neither bargained for nor agreed to a sentence higher than the permissible range, as in State v. Mahler, 735 S.W.2d 226 (Tenn. 1987) and Hoover v. State, 215 S.W.3d 776 (Tenn. 2007). The trial court, based upon a miscalculation of the prior offense, unilaterally imposed a sentence under the Range III, persistent offender category rather than the Range II, multiple offender classification. See Tenn. Code Ann. § 40-35-106 & 107. The consequence was a sentence beyond legislative authority.

I concede that the Court has used the term "non-jurisdictional" to describe our statutory sentencing classifications when trying to reconcile sentencing classification errors in the context of a plea-negotiated sentence. See, e.g., Hoover, 215 S.W.3d at 781. In Mahler, however, former Chief Justice Harbison spoke for a unanimous Court:

> It is generally true . . . that a judgment imposed by a trial court in direct contravention of express statutory provisions regarding sentencing is illegal and is subject to being set aside at any time, even if it has become final. In [Burkhart], the trial judge had ordered a sentence for escape to be served concurrently with a previous sentence in direct contravention of a statute requiring the sentence to be consecutive.
>
> There have been other cases where sentences were imposed which were higher or lower than that authorized by the statute designating the punishment for the crime. In those cases the sentences have been held subject to being later vacated or corrected.
>
> As previously stated, that is not the situation here. The sentence imposed was clearly within statutory limits fixed for the offense of murder in the second degree. In our opinion any question as to the classification of appellant as a Range II offender or as to his release eligibility was waived by the guilty plea.

Mahler, 735 S.W.2d at 228 (citations omitted). Whatever the meaning or consequence of the term "non-jurisdictional" in Hoover may be, we are not presented with a plea-negotiated sentence in the present case.

Although I understand the proposition that a guilty plea cannot salvage an illegal sentence, I am not persuaded that this maxim reconciles our existing case law.[1] In my view, the term "non-jurisdictional" is neither helpful nor clear when applied to the present case because it fails to consider the trial court's actions and fails to apply our traditional definition of an "illegal and void" sentence.

---

[1] In McConnell v. State, the petitioner was granted relief from a sentence based upon the 1982 Criminal Sentencing Reform Act rather than the 1989 Act, even though he had entered into a plea agreement; the Court explained that relief was warranted because the plea agreement was structured pursuant to a wholly inapplicable statute, not because the agreed sentence exceeded that available for the offender classifications. 12 S.W.3d 795, 799 (Tenn. 2000). Similarly, in Stephenson, the petitioner was granted relief where he entered a plea of first degree murder and was sentenced to life without the possibility of parole before the enactment of the statute authorizing that sentence. 28 S.W.3d at 911.

Indeed, as the Court of Criminal Appeals reasoned in its order denying the State's petition for a rehearing:

> The state cites McConnell for the proposition that offender classification and release eligibility are non-jurisdictional. However, the state misconstrues the holding of McConnell in which the supreme court actually commented that the use of offender classification and release eligibility *as subjects of plea bargaining* are non-jurisdictional. In other words, release eligibility offender classification can be the subject of plea negotiations and agreed to by a defendant provided that the sentence imposed is within the statutory authority of the sentencing act. Unlike the situation described in McConnell, the challenged judgment in this case resulted from a sentence imposed by the trial court after a jury conviction.

Edwards, 2007 WL 92359, at *2. Just as the concurrent sentencing for the escape in Burkhart was in direct contravention of a statute, Range III persistent offender sentencing here also was in direct contravention of a statute. I am unwilling to reject habeas corpus relief where the record establishes that the *trial court* had no authority to impose a sentence under Tennessee Code Annotated section 40-35-107. When there is a wrong, our criminal justice system is designed so as to provide a procedural remedy, May, 245 S.W.3d at 348, and the writ of habeas corpus, in my own assessment, is the only cure in these circumstances.

## IV.

In conclusion, I fear that the majority opinion may be read to further restrict what is already a narrow, and yet historically vital, remedy. I would hold that the Petitioner's sentence for burglary as a Range III, persistent offender was illegal because the trial court lacked authority to proceed under Tennessee Code Annotated section 40-35-107. Because the record of the proceedings demonstrates that the Petitioner did not have the requisite number of convictions to be classified as a Range III, persistent offender, I would grant habeas corpus relief without an evidentiary hearing and remand this cause to the court of conviction for the imposition of a Range II sentence.

I am authorized to state that Justice Holder joins in this dissenting opinion.

_____
GARY R. WADE, JUSTICE