Carrington Lee COLEMAN, Appellant,

v.

J. T. ACUFF, Superintendent of Grainger County Schools, et al., Appellees.

Supreme Court of Tennessee.

Aug. 7, 1978.

Charles Hampton White, Nashville, for appellant.

Earnest R. Taylor, Morristown, for appellees.

## OPINION

W. WAYNE OLIVER, Special Justice.

The plaintiff-appellant is in this Court complaining of the judgment of the chancellor dismissing his suit and sustaining the action of the Grainger County Board of Education in not re-electing him as a teacher after the end of the 1976–77 school year. The only question presented by this appeal is whether Mr. Coleman had obtained permanent teacher tenure automatically and as a matter of law under TCA § 49–1403 by continuing in his teaching until the end of the 1976–77 school term, during which completion of his probationary period occurred.

According to the complaint he filed in the Chancery Court of Grainger County, Mr. Coleman was hired as a teacher in the Grainger County school system on January 20, 1973. He worked until the end of the '73 school term, which ended on June 3, 1973. At that time, he was advised by defendant J. T. Acuff, Superintendent of the Grainger County school system, that he ought to return to college and obtain a permanent teacher's certificate, and that if he did so he would then be re-employed in the county school system. Accordingly, Mr. Coleman says he went to Carson-Newman College, was awarded a permanent elementary and secondary teacher's certificate, and was re-elected as a teacher in the Grainger County school system for the 1974–75 school year; that he was subsequently re-elected for the 1975–76 and for the 1976–77 school years; that while teaching during the 1976–77 term he completed his probationary period required for permanent tenure status by completing 27 months of teaching within the preceding five years, as prescribed by the Teacher Tenure Act (TCA §§ 49–1401, et seq.); that by allowing him to continue in his teaching position after completion of his probationary period and for the remainder of the 1976–77 academic year, the Board of Education thereby retained him within the meaning of TCA § 49–1403 and granted him permanent tenure status; that as a tenured teacher he was entitled to continue in his position as a teacher in the Grainger County school system until and unless removed for cause after a hearing; that, notwithstanding he had thus achieved tenure status, when the Board met in April of 1977 to elect teachers for the 1977–78 school year he was not re-elected and his written request for a hearing when so notified was denied. Charging that the action of the Board of Education in terminating his employment as a teacher was "illegal, arbitrary, and capricious" for failure to comply with the provisions of the Teacher Tenure Act, the plaintiff prayed that the court vacate that action of the Board and re-instate him to his position as a teacher.

In reply, the Board of Education filed a motion to dismiss, on the theory that Coleman had not been re-employed following expiration of his probationary period and therefore had not attained permanent tenure status and was not entitled to the relief he sought.

The chancellor agreed and dismissed the plaintiff's suit, holding that the term "retained in the system" in TCA § 49–1403 is only definitive or supportive of the preceding word "re-employed," rejected the plaintiff's contention that by his "retention" for the remainder of that term after he completed his probationary period he thereby acquired tenure status automatically, and held he was entitled to no relief because the Board declined to re-employ him for the succeeding school year. We concur.

TCA § 49–1402 provides, in pertinent part:

"(1) 'Permanent tenure' shall apply to any teacher who (a) has a degree from an approved four (4) year college . . ., (b) holds a valid professional certificate . . ., (c) has completed a probationary period of three (3) school years or not less than twenty-seven (27) months within the last five (5) year period, the last year to be employed as a regular teacher, and (d) is *reemployed* by the board for service *after the probationary period.*" (Emphasis supplied.)

And, insofar as is material here, TCA § 49–1403 provides as follows:

"Any teacher . . . shall serve three (3) years or not less than twenty-seven (27) months within a five (5) year period as a probationary teacher before acquiring 'permanent tenure' . . .

"Upon completion of the probationary period, any teacher who is reemployed or retained in the system is entitled to tenure status . . . provided that the superintendent shall notify the board prior to reelection by the board that the teacher, *if reelected, will attain tenure status.*" (Emphasis supplied.)

*Sanders v. Vinson,* 558 S.W.2d 838 (Tenn. 1977), is dispositive of this appeal. In that case this Court said:

"Contrary to the belief which apparently prevails in some quarters, the mere completion of the three-year or twenty-seven month probationary period by a teacher otherwise qualified, does *not* automatically confer permanent tenure. It merely is a condition precedent to *eligibility* for tenure.

"The conference of tenurial status is dependent not only upon service but also upon affirmative action by the Board of Education. The statute (49–1403) is clear:

'Upon completion of the probationary period, any teacher who is *reemployed or retained in the system is entitled to* the tenure status for which she is qualified by college training and certification . . . .'

"Further, Sec. 49–1402, T.C.A., in defining permanent tenure, specifies that it applies to teachers who meet certain educational requirements, hold valid professional certificates, have completed the probationary period and who are 'reemployed by the board for service after the probationary period.' See *State v. Lunsford,* 207 Tenn. 33, 336 S.W.2d 20, 21 (1960)."

■ Plainly, Sections 49–1402 and 49–1403 of Tennessee Code Annotated are *in pari materia.* A familiar rule of statutory construction is that code provisions *in pari materia* must be construed together, and the construction of one, if doubtful, may be aided by consideration of the words of and the legislative intent indicated by the others. *Gallagher v. Butler,* 214 Tenn. 129, 378 S.W.2d 161 (1964).

■ So, construing TCA §§ 49–1402 and 49–1403 together, as we did in *Sanders v. Vinson,* supra, it is unquestionable that in TCA § 49–1403 the Legislature intended the term "retained in the system" to be synonymous with the word "reemployed" used in both sections of the statute.

■ It is unarguable, therefore, that a qualified teacher who has finished the statutory probationary requirements does not obtain tenure status until and unless he or

she is *re-employed* by the Board of Education for further service after expiration of the contract during which the probationary period was completed. As the chancellor observed, to hold otherwise would result in great distortion of the legislative intent.

The judgment of the trial court dismissing the plaintiff's suit and taxing him with the costs is affirmed. The costs incident to this appeal are adjudged against the plaintiff and the sureties on his appeal bond.

HENRY, C. J., and HARBISON, COOPER and FONES, JJ., concur.