STATE of Tennessee, Appellant,

v.

Corby Martin BLOUVETT, II and
Dennis James Ogle, Appellees.

Supreme Court of Tennessee,
at Knoxville.

July 10, 1995.

A. Phillip Lomonaco, Knoxville, for appellee Blouvett.

Mark Stephens, 6th District Public Defender, Paula R. Voss, Asst. Public Defender, Knoxville, for appellee Ogle.

David L. Raybin, Tenn. Assoc. of Crim. Defense Lawyers, Nashville, for amicus curiae.

Charles W. Burson, Atty. Gen. & Reporter, Kathy Morante, Deputy Atty. Gen., Kimbra Spann, Asst. Atty. Gen., Nashville, William E. Dossett, 6th Dist. Atty. Gen., Robert L. Jolley, Jr., David C. Jennings, Tony W. Stansberry, Asst. Dist. Attys. Gen., Knoxville, for appellant.

## OPINION

BIRCH, Justice.

The Court of Criminal Appeals found that the trial court had misconstrued certain statutory sentencing provisions [1] in establishing Corby Martin Blouvett II and Dennis James Ogle, defendants, as Range III career offenders and sentencing them as such. Specifically, the court held that the prior convictions used to enhance a defendant's status beyond that of a standard offender must have been reduced to judgment before the commission of the offense which supports the enhancement. We granted the State's appli-

---

1. Tenn.Code Ann. §§ 40–35–106(a), –106(b)(1), –107(a), –107(b)(1), –108(a), –108(b)(1).

cation for review under Rule 11, Tenn. R.App.P. in order to construe and reconcile these provisions. To do so, we must decide the pivotal question—what is a "prior conviction"—as is referred to in the above-mentioned sentencing provisions. We agree with the conclusion reached by the Court of Criminal Appeals; accordingly, we affirm its judgment.

In this cause, all of the charges herein discussed resulted from a crime spree which lasted approximately one month. All convictions, however, were adjudicated contemporaneously. The trial judge used the first "guilty plea" convictions to elevate the defendants' status first to "multiple," then "persistent," and then to "career" offender in subsequent "guilty plea" convictions—all without reference to any conviction other than those which had been reduced to judgment in the same proceeding.

In *State v. Jones*, 883 S.W.2d 597 (Tenn. 1994), we examined the protocol for sentencing felony offenders as provided in the Tennessee Criminal Sentencing Reform Act of 1989. The Act classifies penalties for each felony classification into several "Range[s] of Punishment," increasing the punishment in relation to the number of prior convictions.

Tenn.Code Ann. § 40–35–106(b)(1)[2] provides:

> "Prior conviction" means a conviction for an offense occurring prior to the commission of the offense for which the defendant is being sentenced.

Both parties agree that the above provision is ambiguous. The problem, we think, is whether the phrase "occurring prior" modifies "conviction" or "offense" as definitive of "prior conviction."

The State contends that the plain language of the provision permits use of convictions for offenses committed earlier to enhance sentences for later committed offenses, even if the convictions for those offenses are contemporaneously adjudicated. To reach this conclusion, the State interprets the phrase "oc-

curring prior" as modifying the word "offense."

On the other hand, the defendants contend that "occurring prior" modifies "conviction." Thus, they insist that only those convictions adjudicated prior to the commission of the subsequent offense can be used to elevate a defendant's status to a higher range for sentencing purposes.

 We are sufficiently convinced, as we have stated, that a "conviction for a prior offense" describes an offense the conviction for which has been reduced to judgment in an earlier proceeding.

We look first to Tenn.Code Ann. § 39–11–104, which states:

> The provisions of [the Criminal Sentencing Reform Act of 1989] shall be construed according to the fair import of their terms, including reference to judicial decisions and common-law interpretations, to promote justice, and affect the objectives of the criminal code.

The Tennessee Criminal Sentencing Reform Act of 1989 was structured so as to classify crimes according to their impact upon society. Thus, crimes were classified as A, B, C, D or E felonies and A, B or C misdemeanors, with A being the most serious crimes and E being the least serious crimes. Within each category are sentencing ranges, which classify offenders according to their prior convictions.

Those without prior convictions, or with few, are classified as "Range I" standard offenders and are exposed to the lesser punishment. As felony convictions mount, a defendant may be classified as a "Range II" multiple offender. This exposes a defendant to a sentence greater than a "Range I" sentence. "Range III" results from classification as a persistent offender or career offender. In addition to a sentence greater than prescribed for "Range II," "Range III" offenders may be required to serve a higher percentage of time in custody before becoming eligible for release on parole.[3]

---

**2.** *See also* Tenn.Code Ann. §§ 40–35–107(b)(1), –108(b)(1).

**3.** Tenn.Code Ann. § 40–35–210 permits trial courts to apply certain mitigating and enhancement factors to increase or decrease the sentence

Enhanced ranges are available only for those offenders with the requisite number of prior felony convictions. Furthermore, Tenn.Code Ann. § 40–35–202(a) provides that before range enhancement, an accused must receive at least ten days notice from the district attorney general specifying the nature of the prior felony convictions relied upon for the enhancement, the dates of those convictions, and the identity of the courts of those convictions. *See also* Tenn.R.Crim.P. 12.3; *State v. Lowe,* 811 S.W.2d 526 (Tenn. 1991).

■ When construing a statute, other related statutes on the same subject should be read in *pari materia.* Related code provisions must be construed together, and the construction of one, if doubtful, may be aided by consideration of the language and legislative intent of the other. *Wilson v. Johnson Co.,* 879 S.W.2d 807, 809 (Tenn.1994); *Lyons v. Rasar,* 872 S.W.2d 895, 897 (Tenn.1994); *Coleman v. Acuff,* 569 S.W.2d 459, 461 (Tenn. 1978).

The statutory section requiring the district attorney general to give a defendant notice of prior felony convictions that will be relied upon to enhance a sentence above the standard range makes it apparent that "prior conviction" refers to a conviction that has already been adjudicated before commission of the offense at issue. Obviously, the district attorney general could not give notice of a conviction if in fact the defendant had not yet been convicted of that offense.

The comments of the Sentencing Commission provide additional guidance. Tenn.Code Ann. § 39–11–104 provides:

The comments in this code are intended to explain its provisions and to aid in their interpretation. The comments are not authoritative statements, but are evidence of the considerations which prompted the statutory text.

This Court and intermediate courts have often relied on commission comments as "quasi-authority." *See State v. Jones,* 883 S.W.2d 597, 600 (Tenn.1994) (Court recognized the sentencing theme that was developed by the Sentencing Commission); *State v. Sliger,* 846

within each range. *See* Tenn.Code Ann. §§ 40–

S.W.2d 262, 264 (Tenn.1993) (Court relied on commission comments to ascertain the intent of the legislature in enacting the flagrant non-support law); *State v. Ashby,* 823 S.W.2d 166, 168 (Tenn.1991) (Court cited commission comments to recognize that scarce prison resources entered into sentencing scheme); *State v. Brewer,* 875 S.W.2d 298, 302 (Tenn. Crim.App.1993) (court cites commission comments for proposition that the burden is on the defendant to show impropriety of a sentence); *State v. Hood,* 868 S.W.2d 744 (Tenn. Crim.App.1993) (court refers to commission comments to support conclusion that promiscuity is a general defense as opposed to an affirmative defense that once raised, requires proof beyond a reasonable doubt to overcome). The sentencing commission comments which accompany Tenn.Code Ann. § 40–35–106 state:

The prior felony convictions used to trigger the multiple offender status must have occurred prior to the commission of the offense for which the defendant is being sentenced. In this sense, the multiple offender classification is a recidivist provision designed to punish persons who have been previously convicted and then commit new crimes. It should be observed that the provisions of subsection (b) require only 'convictions' in that the commission intentionally omitted the concept of 'final convictions' for purposes of a defendant's prior criminal history. There is no requirement that the 'prior conviction' has been subject to appellate review or that such review is pending when the defendant is sentenced for the subsequent offense.

Thus, it is clear from the comments that "prior conviction" means a conviction that has been adjudicated prior to the commission of the more recent offense for which sentence is to be imposed.

■ Further, we observe that it has long been a general rule of statutory construction that ambiguity in criminal statutes must be construed in favor of the defendant. *Key v. State,* 563 S.W.2d 184, 188 (Tenn.1978).

It results that the judgment of the Court of Criminal Appeals is affirmed; the cause is

35–113 and –114.

remanded to the trial court for resentencing in a manner consistent with this opinion.

ANDERSON, C.J., and DROWOTA, REID and WHITE, JJ., concur.