# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## DECEMBER SESSION, 1999

FILED

February 25, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. E1999-00924-CCA-R3-CD |
| Appellee, | ) | |
| | ) | |
| | ) | SULLIVAN COUNTY |
| VS. | ) | |
| | ) | HON. PHYLLIS H. MILLER |
| JOSEPH JOHN HENRY MORRELL,) | | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Possession of a Weapon in a Penal Institution) |

FOR THE APPELLANT:

GREGORY D. SMITH
One Public Sq., Ste. 321
Clarksville, TN 37040

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

ELIZABETH B. MARNEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

GREELEY WELLS
District Attorney General

ROBERT H. MONTGOMERY
Assistant District Attorney
P. O. Box 526
Blountville, TN 37617

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On July 29, 1998, Joseph John Henry Morrell, the defendant and appellant, was convicted by a Sullivan County Jury of possession of a weapon in a penal institution, and sentenced as a Range II offender to serve nine (9) years in the Tennessee Department of Corrections. He raises the following issues on appeal.

> 1. Whether the evidence was sufficient to support the defendant's conviction; and
>
> 2. Whether the trial court sentenced the defendant correctly.

After a thorough review of the record on appeal, we affirm the judgment of the trial court.

# FACTUAL BACKGROUND

On the evening of December 13, 1997, the defendant was an inmate in the Sullivan County Jail and was being kept alone in a cell that was known as "Tank II.". That night at around 11:40 p.m., Officer Dooley of the Sullivan County Sherriff's Department went to Tank II to prepare the defendant for a move to a different cell in order to make space for additional incoming inmates. When Officer Dooley entered the cell, he found a piece of metal lying on top of the commode unit. The piece of metal looked identical to pieces of metal used to hold ceiling tiles in place in other parts of the jail, but these items were not used in Tank II. Officer Dooley then searched the defendant's personal belongings, which were kept in a plastic grocery bag, and found another similar piece of metal. The second piece of metal, which appeared to be identical to the metal outlet covers used in the jail, had been sharpened as if by filing. There were no outlet covers in Tank II. It is undisputed that the defendant did not have permission to have either piece of metal in his cell.

The defendant was charged with Possession of a Weapon in a Penal Institution and, following a July 29, 1998 trial, was found guilty of the charge. At

the sentencing hearing on September 8, 1998, the state sought to introduce two prior convictions in an effort to elevate the defendant's sentencing range. The defendant argued that the two convictions were not made final until after he had committed the instant offense because, although he had pled guilty and been sentenced for the prior felonies, the judgment forms were not entered until almost one month after he possessed the weapon in jail. The trial judge rejected the argument and sentenced the defendant as a Range II multiple offender.

## SUFFICIENCY

The defendant claims that the state did not establish that the pieces of metal were "weapons" within the meaning of the statute, and, alternatively, that the proof did not support the inference that he possessed the pieces of metal. When an appellant challenges the sufficiency of the evidence, this court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id.

On appeal, the state is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Where the sufficiency of the evidence is contested, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992); Tenn. R. App. P. 13(e). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or

reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

The defendant was convicted of section 39-16-201 of the Tennessee Code. Section 39-16-201 provides:

(a) It is unlawful for any person to:

(1) Knowingly and with unlawful intent take, send or otherwise cause to be taken into any penal institution where prisoners are quartered or under custodial supervision any weapons, ammunition, explosives, intoxicants, legend drugs, or any controlled substances found in chapter 17, part 4 of this title.

(2) Knowingly possess any of the materials prohibited in subdivision (a)(1) while present in any penal institution where prisoners are quartered or under custodial supervision without the express written consent of the chief administrator of the institution.

(b) A violation of this section is a Class C felony.

Tenn. Code Ann. § 39-16-201. In this case, we find ample evidence to support the inference that at least the second piece of metal had been in the defendant's possession. Officer Dooley testified that when he went to the defendant's cell to move him, the defendant was alone. The defendant became visibly upset when Officer Dooley told the defendant that he would be changing cells. Furthermore, although the first piece of metal was found on the back of the commode unit, the second, sharper piece of metal was found in the defendant's possessions which were wrapped in a grocery bag. Thus, we find that it is entirely reasonable for the jury to have concluded that the evidence discovered by Officer Dooley had been in the defendant's possession. See State v. Holbrooks, 983 S.W.2d 697, 702 (Tenn. Crim. App. 1998)

We also find that the jury could have found the piece of metal to be a "weapon" within the meaning of the statute. There was evidence that the pieces of metal were taken from other parts of the jail and altered to make them sharper. Indeed, we cannot imagine what purpose, other than as weapons, the pieces of

-4-

metal could possibly have served. Although "weapon" is not specifically defined in the statute or elsewhere, a commonly accepted definition of "weapon" is "[a]n instrument of offensive or defensive combat . . . ." Black's Law Dictionary 1593 (6th ed. 1990). Furthermore, "weapon" is not a technical term which requires legal research to determine its meaning; in this context, its meaning can be ascertained by person of common intelligence. Cf. State v. Black, 745 S.W.2d 302, 304 (Tenn. Crim. App. 1987).

This issue is without merit.

## SENTENCING

The defendant also contends that the trial court erroneously sentenced him as a Range II multiple offender. Although prior to the commission of the instant offense the defendant had pled guilty to two prior felonies and been sentenced for those crimes, the judgment forms in the prior cases were not entered until almost one month after the commission of the instant offense. Thus, argues the defendant, the charges were not final, and were therefore not "convictions" at the time of the commission of the offense in this case.

Range II multiple offender status requires a minimum of two but not more than four prior felony convictions within the conviction class, a higher class, or within the next two lower felony classes. Tenn. Code Ann. § 40-35-106(a)(1). The Tennessee Supreme Court determined that " 'prior conviction' means a conviction that has been *adjudicated* prior to the commission of the more recent offense for which sentence is to be imposed." State v. Blouvett, 904 S.W.2d 111, 113 (Tenn. 1995)(emphasis added).

In this case, the prior convictions used to elevate the defendant's sentencing range had already been adjudicated before the defendant committed the instant offense, because he pled guilty to the prior offenses and was sentenced over one month before he committed the instant offense. "Adjudication" is not synonymous with the entry of judgment. Indeed, although the defendant cites Rule 32(e) of the Tennessee Rules of Criminal Procedure as authority, the rule provides "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the **adjudication** and sentence." Tenn. R. Crim. P.

32(e)(emphasis added). Thus, the rule itself makes clear that adjudication is distinct from, and prior to, the entry of judgment.[1]

Furthermore, the defendant's reliance on State v. Blouvett is misplaced. In Blouvett, the convictions used to enhance the defendant's sentencing range were part of the same crime spree as the conviction for which the defendant was being sentenced. 904 S.W.2d at 112. Both the enhancing convictions and the conviction for which the defendant was being sentenced were adjudicated on the same day. Id. Extending the Blouvett holding to apply in this case would thwart the legislative purpose of section 40-35-106, "a recidivist provision designed to punish persons who had been previously convicted and then commit new crimes." Tenn. Code Ann. § 40-35-106, Sentencing Commission Comments. This issue is without merit.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
DAVID H. WELLES, JUDGE

---

[1] This court has previously held, in an unpublished opinion, that ""[a] guilty or *Alford* plea does not constitute a conviction until the court enters a judgment upon it." State v. Antoine L. Williams, No. 02-C-01-9210-CR-00237, 1993 WL 295060, at *1 (Tenn. Crim. App., Jackson, Aug. 4, 1993). However, the facts of that case are inapposite here. In that case, the defendant entered an *Alford* plea to burglary. The trial court stated an intention to grant judicial diversion to the defendant, but deferred the proceedings to await a sentencing report. During the interim, the defendant was indicted and entered an *Alford* plea for a different crime. The court ultimately sentenced the defendant on both charges, but, following a petition for a suspended sentence, granted the defendant judicial diversion. The state appealed, arguing that the first *Alford* plea constituted a prior conviction and thus rendered the defendant ineligible for pretrial diversion pursuant to section 40-35-313 of the Tennessee Code. A panel of this court disagreed and affirmed the trial court, because the terms of section 40-35-313 specifically allow the sentencing court to accept a guilty plea and defer the entry of judgment until the defendant completes probation. Thus, this court reasoned that the section 40-35-313 did not contemplate a plea without a judgment to be a "conviction" which would bar future diversion. The statute in this case makes no such allowance.