IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 18, 2009 Session

**ANTONIO L. FULLER v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-A-276     J. Randall Wyatt, Jr., Judge**

**No. M2008-01421-CCA-R3-PC - Filed September 28, 2010**

Petitioner, Antonio L. Fuller, appeals the post-conviction court's dismissal of his petition for post-conviction relief in which he alleged the ineffective assistance of trial and appellate counsel. Specifically, Petitioner contends that trial counsel's assistance was ineffective because he failed to (1) object to the trial court's instruction to the jury concerning the lesser included offense of aggravated kidnapping; (2) object to the trial court's consideration of Petitioner's prior convictions in determining his sentencing range and the length of his sentence; and (3) failed to raise these issues in the motion for new trial. Petitioner contends that appellate counsel's assistance was ineffective because he failed to raise these issues on appeal. Petitioner also contends that the length of his sentence violates the principles set forth in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) and asks this Court to grant him a new sentencing hearing. After a thorough review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

David A. Collins, Nashville, Tennessee, for the appellant, Antonio L. Fuller.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; Amy Eisenbeck, Assistant District Attorney General; Lisa Naylor, Assistant District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I.  Background

Following a jury trial, Petitioner and his co-defendant, Marcellus Betty, were convicted of  two counts of especially aggravated kidnapping, and one count each of aggravated burglary, aggravated robbery, evading arrest, and reckless endangerment.  The trial court sentenced Petitioner as a Range II, multiple offender, to ten years for his aggravated burglary conviction, eighteen years for his aggravated robbery conviction, thirty-five years for each especially aggravated kidnapping conviction, seven years for his evading arrest conviction, and four years for his reckless endangerment conviction.  The trial court imposed a combination of concurrent and consecutive sentences for an effective sentence of fifty-six years.

The facts supporting Petitioner's convictions were summarized by our supreme court as follows:

> During the early morning hours of December 22, 2000, the defendants, Antonio Fuller and Marcellus Betty, broke into the Goodlettsville townhouse of George Woods, III, and Quantrissa Sherrell Woods.  Mr. Woods was sleeping, and Mrs. Woods was nursing their ten-day-old son.  Fuller and Betty ran into the bedroom.  Betty approached Mrs. Woods' side of the bed, pointing a rifle at her and the baby.  Fuller walked to the other side, aiming a shotgun at Mr. Woods.  Betty demanded, "Where's the dope?  Where's the money?"  Mrs. Woods responded, "We don't have any drugs or money.  You know, we just work.  All the money we have is up on the dresser, about seventy dollars."  Betty threatened to kill the couple if they did not give him drugs and money.

> When Betty asked where "Little Jason" was, Mr. Woods realized that the men had broken into the wrong townhouse.  Mr. Woods told them that Little Jason's cousin lived in another townhouse in the complex and drove a car similar to his.  Betty demanded that Mr. Woods show them the correct townhouse. Betty took the seventy dollars from the dresser and ordered Fuller to bind the couple with duct tape.  Mrs. Woods' mouth was covered, and her arms were taped behind her.  Mr. Woods' arms and legs were bound, and he was forced outside the townhouse.  Mr. Woods estimated that forty minutes passed from the time the men entered the townhouse until Mr. Woods left with them.

Soon thereafter, Mrs. Woods' five-year-old daughter ran into the bedroom. Because Betty had warned Mrs. Woods that he knew she had a child in the other room, Mrs. Woods told her daughter, "You have to go back to your room and lay down and not say anything, because, if they catch you in here, they're going to kill us, thinking you've called the police." Then, with her arms still bound behind her, Mrs. Woods called 911 from a phone on the nightstand. Mrs. Woods hung up before her call was answered, however, fearing that Betty or Fuller was still in the townhouse. When the 911 dispatcher called back, Mrs. Woods answered and quickly explained the situation. Mrs. Woods was able to communicate despite the duct tape still covering her mouth because she had licked her lips before the tape was applied, thus loosening it. After hanging up the phone, she got back into the bed in the same position as the men had left her.

After Mr. Woods showed Fuller and Betty where Little Jason's cousin lived, the three men returned to the Woodses' townhouse. Betty took Mr. Woods up to the bedroom and placed him in the bed with his wife, who remained bound. Betty again threatened the couple, stating, "I'll kill you if you mess my sting up." Betty repeated the threats as he went back and forth sticking the barrel of the rifle in each victim's mouth. Betty ordered the couple to face the wall, and then he fled.

Mr. and Mrs. Woods worked together to remove the duct tape from each other. When free, the couple packed a bag and gathered their children. They were running toward the door when the police arrived. Upon seeing Fuller and Betty drive out of the parking lot of the complex, an officer attempted to pull them over. Both men were apprehended after a high-speed chase.

*State v. Fuller*, 172 S.W.3d 533, 534 -536 (Tenn. 2005).

On direct appeal, this Court concluded that Petitioner's conviction of the especially aggravated kidnapping of Ms. Woods violated the due process principles announced in *State v. Anthony*, 817 S.W.2d 299 (Tenn. 1991) and reversed and dismissed Petitioner's conviction for this offense. The trial court's judgments as to all other aspects were affirmed. Because Petitioner's two sentences for especially aggravated kidnapping were ordered to be served concurrently, Petitioner's effective sentence of fifty-six years remained unchanged. *State v. Antonio Fuller*, No. M2002-02377-CCA-R3-CD, 2004 WL 1562546, at *8 (Tenn. Crim. App., at Nashville, July 13, 2004), *rev'd. in part by Fuller*, 172 S.W.3d at 534.

The supreme court denied Petitioner's application for permission to appeal. The court, however, granted the State's application for permission to appeal to consider whether Petitioner's dual convictions for aggravated robbery and the especially aggravated kidnapping of Ms. Woods violated due process principles. After review, the court held that the separate conviction for the especially aggravated kidnapping of Ms. Woods did not violate due process under *Anthony* and its progeny, and reversed the judgment of this Court insofar as it dismissed Petitioner's conviction of the especially aggravated kidnapping of Ms. Woods. *Fuller*, 172 S.W.3d at 538.

## II. Post-Conviction Hearing

Trial counsel testified that he began practicing law in 1998, and his practice involved primarily criminal cases. Trial counsel believed that the State's case against Petitioner was very strong. Trial counsel said that he developed a theory of defense based on the contention that Petitioner was only along for the ride on the night of the offenses, and that Petitioner himself was scared of Mr. Betty. Trial counsel stated that Mr. and Ms. Woods were very articulate, and their testimony at trial "was painful to hear." Trial counsel said that he did not believe the case could be settled and prepared for trial. During this process, trial counsel stated that he reviewed the State's evidence with Petitioner and discussed the theory of defense. Trial counsel said that Petitioner was released on bond on an unrelated case when he was arrested on the robbery and kidnapping charges, and, therefore, faced consecutive sentencing if he proceeded to trial in both cases.

On cross-examination, trial counsel acknowledged that the robbery and kidnapping offenses in case no. 2001-A-276 were committed on December 22, 2000. Trial counsel also represented Petitioner in case no. 2000-D-1992 which involved drug and conspiracy charges committed before the offenses in case no. 2001-A-276. Trial counsel said that Petitioner entered pleas of guilty in this case on December 3, 2001. Trial counsel stated that it was his understanding that these convictions could not be used to establish Petitioner's sentencing range, and that Petitioner was sentenced as a Range II, multiple offender based on two 1994 felony convictions. Trial counsel acknowledged that he did not object to the trial court's consideration of the convictions in case no. 2000-D-1992 as an enhancement factor in determining the length of Petitioner's sentences, and that he did not raise these sentencing issues in his motion for new trial. Trial counsel also acknowledged that he did not object to the trial court's instructions to the jury on the lesser included offense of aggravated kidnapping. Appellate counsel did not testify at the post-conviction hearing.

-4-

## III. Standard of Review

To succeed on a challenge of ineffective assistance of counsel, the petitioner bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. T.C.A. § 40-30-210(f). However, the trial court's application of the law to the facts is reviewed *de novo,* without a presumption of correctness. *Fields v. State,* 40 S.W.3d 450, 458 (Tenn. 2001). A claim that counsel rendered ineffective assistance is a mixed question of fact and law and therefore also subject to *de novo* review. *Id.; State v. Burns,* 6 S.W.3d 453, 461 (Tenn. 1999).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he or she must establish that counsel's performance fell below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In addition, he or she must show that counsel's ineffective performance actually adversely impacted his defense. *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067 (1984). In reviewing counsel's performance, the distortions of hindsight must be avoided, and this Court will not second-guess counsel's decisions regarding trial strategies and tactics. *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). The reviewing court, therefore, should not conclude that a particular act or omission by counsel is unreasonable merely because the strategy was unsuccessful. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Rather, counsel's alleged errors should be judged from counsel's perspective at the point of time they were made in light of all the facts and circumstances at that time. *Id*. at 690, 104 S. Ct. at 2066.

A petitioner must satisfy both prongs of the *Strickland* test before he or she may prevail on a claim of ineffective assistance of counsel. *See Henley v. State,* 960 S.W.2d 572, 580 (Tenn. 1997). That is, a petitioner must not only show that his or her counsel's performance fell below acceptable standards, but that such performance was prejudicial to the petitioner. *Id*. Failure to satisfy either prong will result in the denial of relief. *Id*. Accordingly, this Court need not address one of the components if the petitioner fails to establish the other. *Strickland,* 466 U.S. at 697, 104 S. Ct. at 2069.

## IV. Jury Instructions

Petitioner was charged in count three of the indictment for the especially aggravated kidnapping of George Woods, III accomplished with a deadly weapon, and in count four for the especially aggravated kidnapping of Quantrissa Sherrell [now Quantrissa Woods] accomplished with a deadly weapon. T.C.A. § 39-13-305(a)(1). The trial court instructed the jury on the lesser included offenses of facilitation of especially aggravated kidnapping accomplished by means of a deadly weapon, aggravated kidnapping committed while

Petitioner was in possession of a deadly weapon, and facilitation of aggravated kidnapping while in possession of a deadly weapon.

Aggravated kidnapping is defined as a false imprisonment which may be committed in one of five ways: "(1) [t]o facilitate the commission of any felony or flight thereafter; (2) [t]o interfere with the performance of any governmental or political function; (3) [w]ith the intent to inflict serious bodily injury on or to terrorize the victim or another; (4) [w]here the victim suffers bodily injury; or (5) [w]hile the defendant is in possession of a deadly weapon or threatens the use of a deadly weapon. T.C.A. § 39-13-304(a). Petitioner argues that trial counsel's assistance was ineffective because he failed to request the trial court to instruct the jury on the first method of committing aggravated kidnapping, that is, to facilitate the commission of a felony, as a lesser included offense of especially aggravated kidnapping. *See id*. § 39-13-304(a)(1). Petitioner contends that the evidence presented at trial supported the provision of this instruction. Petitioner submits that had the jury been extended this option, "they might have very well determined that he was guilty of aggravated kidnapping instead of especially aggravated kidnapping" because Petitioner's kidnapping offenses were incidental to the commission of the felony robbery offense. Petitioner also argues that appellate counsel's assistance was ineffective because he failed to raise the issue on appeal as plain error.

Based on our review, we conclude that even if trial counsel should have requested an instruction on aggravated kidnapping to facilitate the commission of a felony, Petitioner has failed to establish that he was prejudiced by the omission. Assuming *arguendo* that aggravated kidnapping to facilitate the commission of a felony is a lesser included offense of especially aggravated kidnapping accomplished with the use of a deadly weapon, this does not mean that an instruction was necessarily called for under the second part of the *Burns* test. *State v. Fowler*, 23 S.W.3d 285, 289 (Tenn. 2000) (citing *Burns* 6 S.W.3d at 469). An instruction as to a lesser included offense is only required if the evidence at trial supports the lesser included offense and the trial court determines that the evidence is legally sufficient to support a conviction of the lesser included offense. *Fowler*, 23 S.W.3d at 289. In upholding dual convictions for aggravated robbery and the especially aggravated kidnapping of Ms. Woods, our supreme court found that Petitioner did not bind Ms. Woods with duct tape for the sole purpose of facilitating the robbery or his escape, noting that the evidence clearly showed that the money was taken from the bedroom dresser prior to her confinement. *Fuller*, 172 S.W.3d at 537.

Moreover, the trial court instructed the jury that facilitation of especially aggravated kidnapping, aggravated kidnapping while in the possession of a deadly weapon, and facilitation of aggravated kidnapping while in the possession of a deadly weapon were lesser included offenses of especially aggravated kidnapping. By finding Petitioner guilty of the

greater offense, the jury necessarily rejected all other lesser offenses and clearly demonstrates that it would not have returned a verdict on aggravated kidnapping to facilitate the commission of a felony. *See State v. Williams*, 977 S.W.2d 101, 107 (Tenn. 1998). We conclude that Petitioner has failed to demonstrate a reasonable probability that the outcome of the proceedings would have been different had the jury been instructed on aggravated kidnapping to facilitate the commission of a felony or had appellate counsel sought "plain error" review of the issue on appeal. Petitioner is not entitled to relief on this issue.

## V. Sentencing Issues

Relying on *State v. Blouvett*, 904 S.W.2d 111 (Tenn. 1995), Petitioner argues that trial counsel's assistance was ineffective because he failed to object to the trial court's consideration of his prior convictions for offenses which occurred after the charged offenses in determining his sentencing range and the length of his sentence. Petitioner also contends that appellate counsel's assistance was ineffective for failing to raise the issue on appeal as plain error.

Petitioner committed the offenses which are the subject of this appeal on December 22, 2000. On December 1, 2001, Petitioner entered pleas of guilty in case no. 2000-D-1992 to one count of the sale of less than .5 grams of hydromorphone, also known as Dilaudid, a Class C felony; two counts of the sale of more than .5 grams of hydromorphone, a Class B felony; and one count of conspiracy to sell fifty grams or more of hydromorphone, a Class A felony. The offenses in case no. 2000-D-1992 were committed in January and February 2000.

In *Blouvett*, our supreme court held that a "prior conviction" for purposes of determining a defendant's sentencing range is a "conviction that has been adjudicated prior to the commission of the more recent offense for which sentence is to be imposed." *Blouvett*, 904 S.W.2d at 113; *see also* T.C.A. § 40-35-106((b)(1). In this case, as Petitioner points out, his four convictions in case no. 2000-D-1992 were not "prior convictions" under section 40-35-106(b)(1) because they did not become final until after he committed the offenses in the case *sub judice*. However, the trial court did not rely on these four convictions to determine Petitioner's sentencing range.

In 1994, Petitioner was convicted in case no. 94-C-1472 of possession of more than 26 grams of cocaine with the intent to sell, a Class B felony, and in case no. 94-C-1486 of possession of a Schedule II controlled substance with the intent to sell, a Class C felony. The record clearly reflects that the trial court relied on Defendant's two 1994 felony convictions and not the four convictions in case no. 2000-D-1992 in determining that he was a Range II, multiple offender, for sentencing purposes. *See* T.C.A. § 40-35-106(a)(1)

(providing that "a 'multiple offender' is a defendant who has received . . . [a] minimum of two prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes"). Thus, Petitioner has failed to demonstrate any prejudice or deficient conduct on the part of either his trial counsel or his appellate counsel.

Petitioner also argues, however, that the same definition of a "prior conviction" set forth in *Blouvett* should be used for enhancement purposes, that is, his sentence should only be enhanced for convictions prior to his commission of the current offenses. Tennessee Code Annotated section 40-35-114(1) provides that a defendant's sentence may be enhanced if "the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." "This Court has previously stated that a trial court 'can consider criminal convictions or any other criminal behavior which occurred prior to the sentencing hearing as being "a previous history of criminal convictions or criminal behavior" under Tennessee Code Annotated [section] 40-35-114(1) regardless of whether the convictions or criminal behavior occurred before or after the criminal conduct under consideration.'" *State v. Jordan*, 116 S.W.3d 8, 24 (Tenn. Crim. App. 2003) (quoting *State v. Ed Waters*, No. 01-C-01-9106-CR-00158, 1992 WL 28457, at *3 (Tenn. Crim. App., at Nashville, Feb. 20, 1992), *perm. to appeal denied* (Tenn. June 22, 1992)); *State v. Kevin McDougle*, No. W2007-02344-CCA-R3-CD, 2010 WL 455004, at *8 (Tenn. Crim. App., at Jackson, Feb. 10, 2010), *no perm. to appeal filed*; *State v. Brandon Shawn Jones*, No. E2003-02050-CCA-R3-CD, 2004 WL 1073810, at *2 (Tenn. Crim. App., at Knoxville, May 13, 2004), *no perm. to appeal filed*; *see also State v. Dellinger,* 79 S.W.3d 458, 506 n.4 (Tenn. 2002) ("The holding in *Blouvett* ... is limited to the specific statutes referenced in that opinion for sentencing felony offenders under the Tennessee Criminal Sentencing Reform Act of 1989."); *Ricky G. Aaron v. State,* No. M2006-01983-CCA-R3-PC, 2008 WL 203394, at *12 (Tenn. Crim. App., at Nashville, Jan. 22, 2008), *perm. to appeal denied* (Tenn. June 23, 2008) ("If [the legislature] had intended to restrict the use of prior convictions as enhancement factors to those 'occurring prior to the commission of the offense for which the defendant is being sentenced,' the legislature could simply have used the words 'prior conviction.' The use of different language suggests that a different construction is appropriate.").

Petitioner was convicted of the four offenses in case no. 2000-D-1992 on December 3, 2001, prior to his sentencing hearing on May 29, 2002, and therefore these convictions were properly considered by the trial court in determining the length of his sentences. Based on the foregoing, we conclude that Petitioner has failed to establish any prejudice or deficient conduct on the part of his trial counsel or appellate counsel.

We observe that Petitioner argues for the first time on appeal that trial counsel and appellate counsel provided ineffective assistance of counsel when they failed to raise as an

issue at trial or on appeal the trial court's failure to consider the mitigating factor provided in Tennessee Code Annotated section 40-35-113(b)(2). Factual issues not presented to the post-conviction court may not be raised for the first time on appeal. Tenn. R. App. P. 36(a); *Butler v. State*, 789 S.W.2d 898, 902 (Tenn. 1990). Nonetheless, this issue was raised and addressed on direct appeal on his convictions. *See* T.C.A. § 40-30-106(f) (providing for dismissal of a post-conviction petition if the claim for relief has been previously determined). Section 40-35-113(b)(2) provides that "[i]f the offender voluntarily releases the victim alive or voluntarily provides information leading to the victim's safe release, such actions shall be considered by the court as a mitigating factor at the time of sentencing." On appeal, we concluded that "[i]n this case, however, the defendants did not release the victims but actually left them in their apartment bound with duct tape. While they eventually escaped, this is not the equivalent of a voluntary release." *Antonio Fuller*, 2004 WL 1562546, at *13 (citations omitted). Petitioner is not entitled to relief on this issue.

## VI. *Blakely* Issues

Petitioner argues that this Court's decision on appeal affirming the length of his sentences was "objectively unreasonable" and contrary to the principles announced in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). Petitioner submits that because this Court did not properly consider *Blakely v. Washington* in reviewing his sentences, he is entitled to a new sentencing hearing.

In support of his position, Petition cites the United States Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495 (2000). This case, however, examines the limits placed on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus by section 2254 of the Antiterrorism and Effective Death Penalty Act, and is clearly inapposite to the case at bar.

Petitioner also cites *State v. Abel Torres*, No. M2004-00559-CCA-R3-CD, 2005 WL 292431 (Tenn. Crim. App., at Nashville, February 4, 2005), *no perm. to appeal filed*, arguing that the "law of the case" doctrine does not preclude a second review because the issuance of the *Blakely* decision renders this Court's prior decision "contrary to a change in the controlling law." Generally, "the law of the case doctrine" prohibits a court from reconsidering issues which have been decided in a prior appeal of the same case and are raised again in a direct appeal after remand. *State v. Jefferson*, 31 S.W.3d 558, 560-61 (Tenn. 2000). The limited circumstances which may permit reconsideration of issues decided in a prior appeal include, as relevant here, that "the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal." *Id*.

(quoting *Memphis Publ'g Co. V. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998).

In *Abel Torres*, the defendant's convictions were affirmed on appeal, but the case was remanded solely for a determination of the trial court's reasons for imposing consecutive sentencing. The trial court again imposed consecutive sentencing, and the defendant appealed. The *Blakely* decision was issued after the defendant's first direct appeal and while his case was pending on appeal following remand. We concluded that because the defendant's case was still on direct appeal, his *Blakely* argument was properly before the court. *Id.* 2005 WL 292431, at *5 (citing *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S. Ct. 2519, 2522 (2004) (holding that Supreme Court decisions which result in a "new rule" apply "to all criminal cases still pending on direct review")). Further, we concluded that the law of the case doctrine did not preclude review because *Blakely* represented a change in the controlling law which has occurred between the first and second appeal. *Abel Torres*, 2005 WL 292431, at *8.

*Abel Torres*, however, does not support Petitioner's argument. Petitioner's direct appeal is completed, and the remedies he now seeks are governed by the Post-Conviction Procedure Act. The Post-Conviction Procedure Act allows a petitioner to collaterally attack his or her conviction or sentence on constitutional grounds as void or voidable if such grounds have not been waived or previously determined. T.C.A. §§ 40-30-103, -106. "Petitions for post-conviction relief 'cannot be used as substitutes for direct appeals, or to test the sufficiency of the convicting evidence, or to relitigate matters of fact already put to rest upon the trial.'" *Le Tonio Swader v. State*, No. M2008-01021-CCA-R3-PC, 2009 WL 3199537, at * 2 (Tenn. Crim. App., at Nashville, Oct. 7, 2009), *perm. to appeal denied* (Tenn. Mar. 15, 2006) (quoting *Sloan v. State,* 477 S.W.2d 219, 220 (Tenn. Crim. App. 1977)).

This Court addressed the impact of *Blakely* on the trial court's determination of the length of Petitioner's sentences on direct appeal because *Blakely* was issued while Petitioner's direct appeal was still pending. *Antonio Fuller*, 2004 WL 1562546, *16 n.2. We concluded that:

"[i]n any event, the application of enhancement factors (1) and (13) would not violate the rule established in *Apprendi* because factor (2) is based upon prior criminal convictions and factor (13) [the felonies were committed while Petitioner was on bail] was admitted by each defendant in this case. *See Apprendi*, 566 U.S. at 490. Moreover, neither defendant has contested on appeal the application of enhancement factor (16) [the crimes were committed under circumstances under which the potential

for bodily injury to a victim was great]. In consequence, it remains our view that the sentences imposed by the trial court were warranted under the circumstances.

*Id.*

The thrust of Petitioner's argument is that he simply disagrees with our decision. He insists that he did not admit that he was on bail, and he submits that various panels of this Court have reviewed an enhancement factor for *Blakely* violations even when the defendant did not challenge the enhancement factor on appeal. Nonetheless, this issue has been addressed fully on direct appeal and is not subject to further review as contemplated by Petitioner through a post-conviction proceeding. *Antonio Harris v. State*, No. W2006-00175-CCA-R3-PC, 2007 WL 34821, at *6 (Tenn. Crim. App., at Jackson, Jan. 4, 2007), *no perm. to appeal filed*; *Marlon Fitzgerald v. State*, No. W2006-01603-CCA-R3-PC, 2007 WL 3050974, at *11 (Tenn. Crim. App., at Jackson, Oct. 19, 2007), *perm. to appeal denied* (Tenn. Apr. 14, 2008). Petitioner is not entitled to relief on this issue.

## CONCLUSION

After a thorough review, we affirm the judgment of the post-conviction court.

_____
THOMAS T. WOODALL, JUDGE

-11-