IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 17, 2013

### STATE OF TENNESSEE v. ANTWAIN GREEN

**Appeal from the Criminal Court for Davidson County**
**No. 2010-C-1750    J. Randall Wyatt, Jr., Judge**

_____

**No. M2013-00167-CCA-R3-CD    Filed October 28, 2013**

_____

Antwain Green ("the Defendant") was convicted by a jury of reckless homicide. Following a sentencing hearing, the trial court sentenced the Defendant to seven years as a Range II offender, to be served consecutively to a previously imposed forty-five year sentence. On appeal, the Defendant argues that the trial court erred in ordering consecutive sentencing. Upon our thorough review of the record and applicable law, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

David A. Collins, Nashville, Tennessee, for the appellant, Antwain Green.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Victor S. Johnson III, District Attorney General; and Ben Ford, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

A Davidson County Grand Jury indicted the Defendant in July 2010 on one count of second degree murder for the shooting of Jazma Jackson in April 2009. The Defendant was tried before a jury in October 2012 and was found guilty of the lesser-included offense of reckless homicide, a Class D Felony.

At the sentencing hearing, the State submitted a presentence report indicating that, in addition to a number of misdemeanor convictions, the Defendant had prior felony convictions for evading arrest, sale of a counterfeit controlled substance, robbery, possession of a Schedule II controlled substance with intent to sell, and possession of a weapon by a convicted felon. The presentence report, admitted into evidence without objection, also showed that the Defendant was arrested for two counts of attempted second degree murder and one count of aggravated assault in August 2009. The Defendant was convicted on those charges in October 2010 and received a sentence of forty-five years. Therefore, when he was convicted for the instant offense, he already was serving a previously imposed sentence of forty-five years. However, the conduct underlying these October 2010 convictions occurred after the conduct in the instant case. Because of this, the trial court and defense counsel discussed these convictions at the sentencing hearing and agreed that they could not be used for the purpose of calculating the Defendant's sentencing range. Accordingly, the parties agreed that the Defendant should be sentenced as a Range II offender. The Range II sentence for a Class D felony is four to eight years. See Tenn. Code Ann. § 40-35-112(b) (2006).

At the sentencing hearing, defense counsel argued: "He is serving a 45 year sentence on the other trial. In view of that and in view of these circumstances [of the offense], your Honor, I would ask for the minimum sentence to run concurrent with what he already has."

At the end of the sentencing hearing, the trial court took the matter under advisement and subsequently issued a sentencing order. In its sentencing order, the court considered the Defendant's criminal history:

> [I]n addition to those necessary to establish the appropriate range . . . [t]he court finds that the Defendant has the following prior convictions: four (4) convictions for Evading Arrest, three (3) convictions for Leaving the Scene of an Accident, (3) convictions for Resisting Arrest, ten (10) convictions for Criminal Trespass, one (1) conviction for Identity Theft, and one (1) conviction for Protective Order Violation.

In determining whether to impose consecutive sentencing, the trial court concluded: "As previously addressed, the Court finds that Defendant's record is extensive, as the Defendant has numerous convictions for various criminal offenses." Furthermore, in considering the Defendant's record, the trial court also found that "the Defendant was granted release into the community for a previous conviction and committed the offense in this case while on probation."

Based on these conclusions, the trial court sentenced the Defendant to seven years as a Range II offender and ordered that the sentence run consecutively to the forty-five-year sentence the Defendant already was serving for his October 2010 convictions.

The Defendant appealed, asserting that the trial court erred in imposing consecutive sentencing.[1] The Defendant argues that, because the criminal conduct underlying his October 2010 aggravated assault and attempted murder convictions occurred after the conduct in the instant case, the trial court erred in "utilization of such a case in determining whether to impose consecutive sentences." He also argues that "much of [the Defendant's] history consisted of misdemeanor convictions" that "should not qualify in making a consecutive sentence determination." The State disagrees.

## Analysis

Prior to imposing sentence, a trial court is required to consider the following:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in [Tennessee Code Annotated sections] 40-35-113 and 40-35-114;

(6) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2006).

The referenced "principles of sentencing" include the following: "the imposition of a sentence justly deserved in relation to the seriousness of the offense" and "[e]ncouraging effective rehabilitation of those defendants, where reasonably feasible, by promoting the use of alternative sentencing and correctional programs." Tenn. Code Ann. § 40-35-102(1), (3)(C)(2006). "The sentence imposed should be the least severe measure necessary to

_____

[1] The Defendant does not challenge the seven-year sentence imposed by the trial court.

-3-

achieve the purposes for which the sentence is imposed," and "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(4), (5) (2006).

When a defendant has additional sentences not yet fully served as a result of convictions in Tennessee, the trial court may order that the sentence being imposed run consecutively to those additional sentences. Tenn. R. Crim. P. 32(c)(2)(A)(i). The trial court may order sentences to run consecutively if it finds by a preponderance of the evidence that:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person . . . ;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor . . . ;

(6) The defendant is sentenced for an offense committed while on probation;

or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b) (2006). The satisfaction of a single one of these categories is sufficient to warrant the imposition of consecutive sentences. See State v. Adams, 973 S.W.3d 224, 231 (Tenn. Crim. App. 1997) ("Extensive criminal history alone will support consecutive sentencing.") (citing State v. Chrisman, 885 S.W.2d 834, 839 (Tenn. Crim. App. 1994)).

"Whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court." State v. Hastings, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999) (citing Adams, 973 S.W.2d at 230-331). However, "the consecutive sentencing statute [should] be used in conjunction with, not apart from," the

principles of the sentencing act.  State v. Desirey, 909 S.W.2d 20, 33 (Tenn. Crim. App. 1995).  Therefore, the trial court must "insure that the aggregate sentence imposed should be the least severe measure necessary to protect the public from the defendant's future criminal conduct."  Id.

The Defendant asserts that the trial court erred in considering his October 2010 convictions for the purpose of consecutive sentencing.  First, nothing in the record suggests that the trial court in fact considered the Defendant's October 2010 convictions in imposing consecutive sentencing.  In its order imposing consecutive sentencing, the trial court clearly considered only the Defendant's convictions that were "necessary to establish the appropriate range" and his additional convictions which occurred prior to the underlying conduct in the instant case.  We note that the court agreed with defense counsel at the sentencing hearing that the Defendant's October 2010 convictions could not be used to determine the Defendant's sentencing range.  Therefore, it is apparent from the record that the court in fact did not consider these October 2010 convictions in imposing consecutive sentencing.

Second, the Defendant's reliance on State v. Blouvett, 904 S.W.2d 111 (Tenn. 1995), in support of this assertion is misplaced.  In Blouvett, our supreme court held that prior convictions used to determine a defendant's sentencing range must have been committed and adjudicated  prior to the commission of the crime for which sentence is being imposed.  904 S.W.2d at 113.  However, this principle is limited to a determination of an offender's sentencing range.  In deciding whether to impose consecutive sentencing, trial courts can consider convictions which occurred prior to the sentencing hearing, even if the underlying criminal conduct occurred after the conduct under consideration.  See State v. Kevin McDougle, No. W2007-02344-CCA-R3-CD, 2010 WL 455004, at *8 (Tenn. Crim. App. Feb. 10, 2010).  Nothing in Tennessee Code Annotated section 40-35-115(b)  limits the definition of a Defendant's "record of criminal activity" to those offenses committed prior to the offense for which the Defendant is being sentenced.  Therefore, even if the trial court had considered the Defendant's October 2010 aggravated assault and attempted second degree murder convictions as a part of his record of criminal activity for the purpose of determining whether to impose consecutive sentencing, the trial court would not have erred.  Accordingly, the Defendant is not entitled to relief on this basis.

The Defendant also asserts that the trial court erred in placing "great weight" on his criminal history when "much of that history consisted of misdemeanor convictions."  However, this Court often has held that a criminal history consisting of primarily or solely misdemeanor convictions can be sufficient to support consecutive sentencing.  See State v. Marquon Lanorris Green, No. W2012-0164-CCA-R3-CD, 2013 WL 2405217, at *7 (Tenn. Crim. App. May 30, 2013) (noting several instances in which this Court has upheld a consecutive sentence based on a trial court's reliance solely on misdemeanor convictions).

Here, in addition to a number of misdemeanor convictions, the record shows that the Defendant has multiple felony convictions aside from his October 2010 convictions. Accordingly, the Defendant's argument is misplaced, and he is not entitled to relief on this basis.

The satisfaction of a single category under Tennessee Code Annotated section 40-35-115 is sufficient to warrant the imposition of consecutive sentences. See Adams, 973 S.W.3d at 231. The trial court concluded that the Defendant had an extensive history of criminal conduct. We hold that the record supports the trial court's findings. Therefore, the trial court imposed the Defendant's sentence in a manner consistent with the purposes, principles, and goals of the Sentencing Act. Thus, the trial court did not abuse its discretion in imposing consecutive sentencing. Accordingly, the Defendant is not entitled to relief on this issue.

Moreover, out review of the record indicates another basis for imposing consecutive sentencing in this case. Under Tennessee Rule of Criminal Procedure 32(c)(3)(A), a consecutive sentence is mandatory when a defendant is sentenced for a felony committed while on parole for another felony. Here, the trial court concluded that the Defendant was on probation at the time of the instant offense. We, however, note that the presentence report actually indicates that the Defendant was on parole, rather than probation, beginning on April 6, 2009, for a felony evading arrest sentence. The reckless homicide underlying the sentencing decision in the instant case occurred on April 29, 2009. Therefore, consecutive sentencing was mandatory under Tennessee Rule of Criminal Procedure 32(c)(3)(A) because the Defendant was on parole at the time of the instant offense.

## Conclusion

For the reasons set forth above, we affirm the trial court's judgment.

_____
JEFFREY S. BIVINS, JUDGE